**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOE HOUSTON,**

    **Plaintiff,**

v.      Case No: 6:13-cv-973-Orl-36KRS

**2501 LLC,**

    **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO LIMIT INSPECTION (Doc. No. 34)** |
| **FILED:** | **March 7, 2014** |

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO EXTEND TIME TO COMPLETE INSPECTION (Doc. No. 38)** |
| **FILED:** | **March 21, 2014** |

Plaintiff Joe Houston[1] filed this case against Defendant 2501, LLC alleging that Defendant owns, leases or operates a place of public accommodation known as the Sabal Palm Square Shopping Center ("Subject Premises"). Houston alleges that the Subject Premises violates the Americans with Disabilities Act ("ADA") in a number of specific areas. Doc. No. 1. Defendant answered the Complaint and alleged, *inter alia*, that Houston lacks standing to seek injunctive relief

---

[1] Houston alleges that he has to ambulate in a wheelchair and has limited use of his hands. Doc. No. 1 at 1.

because he failed to plead or allege a real and imminent threat of future harm, or a reasonable threat of future harm.  Doc. No. 36 at 7.

On February 19, 2014, this Court issued an Amended ADA Scheduling Order which required that, "[w]ithin **30 days** from the date of [the Scheduling Order], Defendant shall permit Plaintiff's counsel and Plaintiff's expert reasonable access to inspect that portion of the Defendant's facility which Plaintiff claims to be non-compliant."  Doc. No. 30 ¶ 2.

Defendant now moves this Court to limit the inspection of the Subject Premises to "those barriers or alleged violations [that] Plaintiff actually encountered."  Doc. No. 34 ¶ 6.  Defendant argues that Houston lacks standing to inspect the entirety of the Subject Premises because ADA plaintiffs do not have standing to complain about alleged barriers of which they were unaware at the time they filed their complaints.  *Id.* ¶ 7.  Houston responds that because Defendant has asserted an affirmative defense based, in part, on a reference to "moot claims," an inspection of the entire Subject Premises is permitted pursuant to *Sheeley v. MRI Radiology Network, P.A.*, 505 F.3d 1173 (11th Cir. 2007).  Doc. No. 37 at 2.

Where a private-entity defendant raises a justiciability defense, challenging a district court's subject-matter jurisdiction over the ADA claim, the court considers the following three factors: "(1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability."  *Id.* at 1184.  While it is not entirely clear that Defendant is contending that the entire case is moot, inspection of the entire premises in warranted under

*Sheeley* because of the reference to mootness in Defendant's affirmative defendants. Accordingly, Defendant's Motion to Limit Inspection (Doc. No. 34) is **DENIED**.[2]

Defendant also asks this Court for an extension of time to complete the inspection of the Subject Premises. Doc. No. 38. In its motion, Defendant indicates that the parties have tentatively agreed to an inspection date of March 25, 2014. *Id.* at 1. Accordingly, Defendant's Motion to Extend Time to Complete Inspection (Doc. No. 38) is **GRANTED**, and the deadline for Defendant to permit Plaintiff's counsel and Plaintiff's expert reasonable access to inspect the Subject Premises is extended up to and including March 25, 2014.

**DONE** and **ORDERED** in Orlando, Florida on March 24, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[2] This Order should not be read as a finding that Houston has standing to assert ADA violations that he did not encounter when at the Subject Premises.